# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

August 11, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FAMILY DOLLAR STORES OF WEST VIRGINIA, INC.,**
**Employer Below, Petitioner**

**vs.)    No.  15-0802** (BOR Appeal No. 2050181)
                      (Claim No. 2013010406)

**AMBER J. ERVIN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Family Dollar Stores of West Virginia, Inc., by Katherine H. Arritt and Jeffrey B. Brannon, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Amber J. Ervin, by Robert L. Stultz, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order of July 24, 2015, in which the Board reversed, in part, the January 12, 2015, Order of the Workers' Compensation Office of Judges.[1] In its Order, the Office of Judges affirmed the claims administrator's May 17, 2014, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is clearly wrong based upon the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Amber Ervin injured her back on October 16, 2012, while lifting boxes. On December 4, 2012, the claims administrator held the claim compensable for a lumbar strain/sprain. The claims administrator also determined Ms. Ervin was entitled to temporary total disability benefits for the period from October 20, 2012, to October 23, 2012. Ms. Ervin did not protest this decision.

---

[1] The January 12, 2015, Order of the Office of Judges also found the appeal of an April 7, 2014, decision of the claims administrator moot due to a subsequent decision. That aspect of the Order was not appealed.

1

Ms. Ervin was treated in the emergency room at Broaddus Hospital for low back pain on October 17, 2012. An x-ray of the lumbar spine was negative. She was diagnosed with sciatica, lumbar sprain/strain, and possible herniated disc. She received an off-work note excusing her from work until released by her family physician. However, the first report of injury was also completed by the emergency room physician. That form lists a diagnosis of back pain with sciatica. It indicates she needed to remain off of work for one week, which would have been until October 24, 2012.

On October 18, 2012, Ms. Ervin was treated at her family physician's office by Tom Howard, PA-C. He diagnosed acute lumbar strain with right sciatica and recommended physical therapy. He provided an off-work note for ten days, until October 28, 2012.

Ms. Ervin continued with conservative treatment, including physical therapy. Her diagnosis continued to be low back pain. On June 3, 2013, she had a neurosurgical consultation with John Underwood, M.D. He recommended a referral to pain management, physical therapy, an EMG/NCV of the lower extremities, and a follow-up appointment. No work restrictions were given.

P. Kent Thrush, M.D., an orthopedic surgeon, evaluated Ms. Ervin on August 29, 2013. He diagnosed lumbar strain and disc bulge/protrusion at L5-S1 on the right, consistent with the injury. He did not believe any additional medical treatment was needed. He assessed 9% impairment and attributed 6% of that to the work injury.

Ms. Ervin submitted a claim reopening form on November 1, 2013. She requested to be examined for a permanent partial disability award, additional temporary total disability benefits for the period from October 16, 2012, through May 1, 2013, and to secure medical benefits due to an aggravation and/or progression resulting from her compensable injury. John Henderson, M.D., her family physician, completed the medical section of the reopening application. He listed the present diagnosis as herniated lumbar disc and indicated that the period of temporary total disability was from October 16, 2012, to May 1, 2013. Because a doctor had not certified any period of disability related to the compensable injury, the request to reopen the claim for payment of additional temporary total disability benefits was denied by the claims administrator on December 4, 2013.[2]

On December 4, 2013, Ms. Ervin requested that the diagnosis of disc bulge/protrusion at L5-S1 be added as a compensable condition. On April 7, 2014, the claims administrator entered a decision denying the request. Based upon the report of Dr. Thrush, opining Ms. Ervin had reached maximum medical improvement as of August 29, 2013, and her return to work on May 1, 2013, the claims administrator closed the claim for temporary total disability benefits on May 7, 2014.

---

[2] This decision of the claims administrator was protested and is the subject of separate litigation.

Bill Hennessey, M.D., evaluated Ms. Ervin on August 4, 2014. He diagnosed lumbar strain, fully resolved and right L5-S1 disc protrusion. In his opinion, she had 10% impairment as the result of the October 16, 2012, work injury. Based in part on Dr. Hennessey's report, the claims administrator entered a decision adding L5-S1 disc protrusion without radiation/radiculopathy as a compensable condition on October 10, 2014.

The Office of Judges was asked to review the April 7, 2014, decision of the claims administrator denying the addition of disc bulge/protrusion as a compensable condition and the May 7, 2014, decision of the claims administrator closing the claim for temporary total disability benefits. The Office of Judges determined the claims administrator's April 7, 2014, denial of Ms. Ervin's request to add disc bulge/protrusion at L5-S1 as a compensable condition was moot due to the claims administrator decision finding the condition compensable on October 10, 2014.

The Office of Judges affirmed the claims administrator's May 7, 2014, decision closing the claim for temporary total disability benefits. It determined Ms. Ervin had reached maximum medical improvement based on the medical opinions of Dr. Thrush and Dr. Hennessey. Additionally, it determined she returned to work on May 1, 2013, as established by her own testimony. Therefore, the Office of Judges determined a preponderance of the evidence supported the claims administrator closing the claim for temporary total disability benefits.

The Board of Review found the Office of Judges' final decision, analysis, and conclusions regarding Ms. Ervin's entitlement to additional temporary total disability benefits to be clearly wrong. It determined Ms. Ervin had not reached maximum medical improvement and had not been released to return to work between October 17, 2012, and May 1, 2013. It noted the October 17, 2012, medical record from Broaddus Hospital excused Ms. Ervin from work "indefinitely". Therefore, the Board of Review determined Ms. Ervin was entitled to temporary total disability benefits and modified the January 12, 2015, Order of the Office of Judges granting temporary total disability benefits from October 17, 2012, to May 1, 2013.

After review, we find that the decision of the Board of Review is clearly wrong based upon the evidentiary record. The Board of Review noted the appeal before it was of a decision closing the claim for temporary total disability benefits and not an appeal of the decision denying the request to reopen the claim for temporary total disability benefits. However, it then went on to analyze the claims administrator's May 7, 2014, decision closing the claim for temporary total disability benefits as a motion to reopen the claim for additional temporary total disability benefits. The Board of Review concluded that Ms. Ervin had not reached maximum medical improvement and had not been released to return to work between October 17, 2012, and May 1, 2013. It determined she was therefore entitled to temporary total disability benefits.

Even if it was proper for the Board of Review to analyze the decision closing the claim for temporary total disability benefits as the same as a request to reopen the claim for temporary total disability benefits, the Board of Review still misconstrued the evidence. There is no medical evidence restricting Ms. Ervin from work after October 28, 2012, due to the compensable conditions. The medical evidence submitted with the request to reopen opines Ms. Ervin was restricted from work for a diagnosis of disc herniation, which is not a compensable condition in

3

this claim. Therefore, even if the Board had analyzed the issue properly, Ms. Ervin would not be able to establish by a preponderance of the evidence that she was temporarily and totally disabled due to a compensable condition.

The closure of a claim for temporary total disability benefits is governed by West Virginia Code §23-4-7a (2005), which states in part,

> in all cases, a finding by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, that the claimant has reached his or her maximum degree of improvement terminates the claimant's entitlement to temporary total disability benefits regardless of whether the claimant has been released to return to work. Under no circumstances shall a claimant be entitled to receive temporary total disability benefits either beyond the date the claimant is released to return to work or beyond the date he or she actually returns to work.

The claims administrator properly closed the claim for temporary total disability benefits because Ms. Ervin had returned to work and had reached maximum medical improvement for the compensable conditions as of May 7, 2014. The Board of Review erred in determining Ms. Ervin was entitled to an additional period of temporary total disability benefits prior to May 7, 2014. The decision closing the claim for temporary total disability benefits is one that addresses the present condition of the claimant. The purpose of that decision was to end Ms. Ervin's entitlement to temporary total disability benefits in the future, not to review the possibility that she may have been entitled to them in the past.

For the foregoing reasons, we find that the decision of the Board of Review is clearly wrong based upon the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the January 12, 2015, Order of the Office of Judges.

Reversed and Remanded.

**ISSUED: August 11, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin